1 | BRIGGS LAW CORPORATION [BLC file: 243.01]
Cory J. Briggs (DC Bar no. 464923)
2 | 99 East "C" Street, Suite 111
Upland, CA 91786
3 | Telephone: 909-949-7115

**ORIGINAL**

4 | Attorneys for Plaintiffs Save Our Heritage Organisation
and Friends of the U.S.-Mexico Border Environment

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAVE OUR HERITAGE ORGANISATION (address: 2476 San Diego Avenue, San Diego, CA 92110) and FRIENDS OF THE U.S.-MEXICO BORDER ENVIRONMENT (address: 5663 Balboa Avenue, No. 376, San Diego, CA 92111-2705),<br><br>Plaintiffs,<br><br>vs.<br><br>ALBERTO R. GONZALEZ, in his official capacity as Attorney General of the United States; U.S. DEPARTMENT OF JUSTICE; MICHAEL CHERTOFF, in his official capacity as Secretary of the U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. DEPARTMENT OF HOMELAND SECURITY; W. RALPH BASHAM, in his official capacity as Commissioner of the U.S. CUSTOMS AND BORDER PROTECTION; U.S. CUSTOMS AND BORDER PROTECTION; JULIE L. MYERS, in her official capacity as Assistant Secretary of Homeland Security for the U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; EMILIO T. GONZALES, in his official capacity as Director of the U.S. CITIZENSHIP AND IMMIGRATION SERVICES; and U.S. CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>Defendants. | CASE NO. _____<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF FOR VIOLATIONS OF FEDERAL LAW** |

Plaintiffs SAVE OUR HERITAGE ORGANISATION and FRIENDS OF THE U.S.-MEXICO BORDER ENVIRONMENT ("Plaintiffs") allege as follows:

## Introductory Statement

1. Plaintiffs bring this action in order to protect the natural, cultural, and historic resources along the U.S.-Mexico border from imminent destruction at the hands of the federal government. Facing destruction are resources near San Diego, California, and Yuma, Arizona--in each case because of the illegal construction of a fence along the border.

2. With respect to San Diego:

    A. San Diego's border region is home to natural treasures like the Tijuana River and the Tijuana Estuary, as well as culturally and historically important places like Border Field State Park (part of the Tijuana River National Estuarine Research Reserve) and Smuggler's Gulch. An essential breeding, feeding, and nesting ground and rest stop for more than 370 migratory and native bird species (six being endangered), the Tijuana Estuary is one of southern California's last remaining wetlands ecosystems. The Tijuana River and its surroundings are also home to a number of other species on the brink of extinction, including the San Diego fairy shrimp, the San Diego button celery, the least Bell's vireo, the light-footed clapper rail, the California least tern, the California brown pelican, the Quino checkerspot butterfly, and the California gnatcatcher. At the southwestern-most point of the U.S., Border Field State Park treats equestrians and other visitors to spectacular vistas of the Tijuana Estuary, sunsets over the ocean, and cultural sites on both sides of the border, while nearby Smuggler's Gulch is reported to be one of the many camp sites of Father Junipero Serro, the founder of many of California's first missions. Unfortunately, the federal government's Border Infrastructure System ("BIS") threatens all of this and more.

    B. The BIS calls for the construction of a 14-mile triple fence--that is, two new fences in addition to the existing fence--along the U.S.-Mexico border. Defendants (identified below) have failed to comply with numerous federal laws in planning and building the triple fence. For instance, they have failed to comply with the Coastal Zone Management Act, 16 U.S.C. § 1451 *et seq.*; the Federal Water Pollution Control Act (also known as the Clean Water Act), 33 U.S.C. § 1251 *et seq.*; the National Historic Preservation Act, 16 U.S.C. § 470 *et seq.*; the Migratory Bird Treat Act, 16 U.S.C. § 703 *et seq.*; the Clean Air Act, 42 U.S.C. § 7401 *et seq.*; and the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.*

C. In addition to Plaintiffs, several public agencies at the federal, state, regional, and local level have expressed criticism over the BIS. Among them are the U.S. Department of the Interior, the National Oceanic and Atmospheric Administration, the City of Imperial Beach, the City of San Diego, the County of San Diego, the San Diego Association of Governments, the California Coastal Commission, the California Department of Fish and Game, the California Resources Agency, the California Department of Parks and Recreation, and the California Coastal Conservancy.

3. With respect to Yuma:

A. Situated in southwestern Arizona, the Yuma region is home to what many consider to be the finest part of the Sonoran Desert, including the Yuma Desert. Yuma's largest neighbor to the east is the Barry M. Goldwater Range, a military installation encompassing the recreation- and resource-rich Sauceda Mountains to the northeast and Copper Mountains to the southwest. To the west of the Range is the Cocopah Indian Reservation; just beyond that, the Colorado River. The Range's southern neighbor is the Cabeza Prieta National Wildlife Refuge. The Range's southern-most border runs almost 40 miles along the U.S.-Mexico border, between the Colorado River and the Cabeza Prieta National Wildlife Refuge. The flat-tailed horned lizard--federally listed as a "threatened" species under the Endangered Species Act--migrates between the U.S. and Mexico in the vicinity of the Range. The federal government's Secure Border Initiative ("SBI") puts these resources at risk.

B. As part of the SBI, Defendants are poised to build a 37-mile fence along the U.S.-Mexico border in southwestern Arizona. The fence will begin roughly five miles west of the Barry M. Goldwater Range and continue eastward 32 miles into the Range. Defendants have failed to comply with numerous federal laws in planning and building the 37-mile fence. For instance, they have failed to comply with the Federal Water Pollution Control Act (also known as the Clean Water Act), 33 U.S.C. § 1251 *et seq.*; the Wilderness Act, 16 U.S.C. § 1131 *et seq.*; the National Historic Preservation Act, 16 U.S.C. § 470 *et seq.*; the National Wildlife Refuge System Administration Act, 16 U.S.C. 668dd-668ee; the Military Lands Withdrawal Act of 1999, 113 Stat. 885 (Oct. 5, 1999); the Sikes Act, 16 U.S.C. § 670 *et seq.*; and the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.*

   C. In addition to Plaintiffs, at least one member of Congress and the Center for Biological Diversity have expressed criticism over the 37-mile fence.

 4. Defendants failure to comply with the federal laws identified above (and elsewhere in this pleading) is based on the erroneous belief that the laws no longer apply to the construction of the fences because those laws were waived by the Secretary of Homeland Security. The Secretary waived those laws as they relate to the San Diego fence on or about September 13, 2005 (*see* 70 Fed. Reg. 55622 (Sept. 22, 2005)), and to the Yuma fence on or about January 12, 2007 (*see* 72 Fed. Reg. 2535 (Jan. 19, 2007)). However, the legislation purporting to authorize the Secretary to waive those laws is unconstitutional and therefore invalid and without any force or effect.

**Parties**

 5. Plaintiff SAVE OUR HERITAGE ORGANISATION ("SOHO") is a non-profit, public-benefit organization formed and operating under the laws of the State of California. SOHO's members reside in or near the City of San Diego, California, and have an interest in the protection of the region's natural, cultural, and historic resources. Plaintiff FRIENDS OF THE U.S.-MEXICO BORDER ENVIRONMENT ("FUMBE") is a non-profit, public-interest organization formed and operating under the laws of the State of California. FUMBE's members reside in the southwestern region of the U.S. and have an interest in the protection of the region's natural, cultural, and historic resources. Plaintiffs bring this action on behalf of themselves, their members, and other members of the public, all of whom have suffered and will continue to suffer irreparable harm as a result of Defendants' violations of federal law, as alleged in this pleading.

 6. Defendant U.S. DEPARTMENT OF JUSTICE is an agency or instrumentality of the United States, and its Attorney General is believed to be Defendant ALBERTO R. GONZALEZ. Defendant U.S. DEPARTMENT OF HOMELAND SECURITY is an agency or instrumentality of the United States, and its Secretary is believed to be Defendant MICHAEL CHERTOFF. Defendant U.S. CUSTOMS AND BORDER PROTECTION is an agency or instrumentality of the United States, and its Commissioner is believed to be Defendant W. RALPH BASHAM. Defendant U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT is an agency or instrumentality of the United States, and its

Assistant Secretary of Homeland Security is believed to be Defendant JULIE L. MYERS. Defendant U.S. CITIZENSHIP AND IMMIGRATION SERVICES is an agency or instrumentality of the United States, and its Director is believed to be Defendant EMILIO T. GONZALEZ.

7.   Plaintiffs are informed and believe and on that basis allege that, at all times stated in this pleading, each Defendant was the agent, servant, or employee of each other Defendant and was, in doing the things alleged herein, acting within the scope of said agency, servitude, or employment and with the full knowledge or subsequent ratification of his or its principals, masters, and employers. Alternatively, in doing the things alleged herein, each Defendant was acting alone and solely to further his, her, or its own interests.

### Jurisdiction, Venue, and Exhaustion of Remedies

8.   The Court has jurisdiction over this proceeding pursuant to Sections 1331 and 1361 of Title 28 of the U.S. Code, because this pleading alleges violations of federal law and seeks to compel Defendants to perform duties owed to Plaintiffs, their members, and other members of the public. The Court also has jurisdiction over this proceeding pursuant to Section 701 *et seq.* of Title 5 of the U.S. Code, because the pleading seeks judicial review of action taken by one or more agencies of the United States.

9.   Venue is proper in this Court under Section 1391(e) of Title 28 of the U.S. Code, because (*i*) Defendants are either officers, employees, or agencies of the United States and (*ii*) a substantial part of the events or omissions giving rise to this proceeding were committed in this judicial district.

10.   Plaintiffs have satisfied each and every exhaustion-of-remedies requirement that must be satisfied in order to maintain this proceeding. Alternatively, no exhaustion-of-remedies requirement may be applied to Plaintiffs.

11.   Plaintiffs have no plain, speedy, adequate remedy in the ordinary course of law, since they, their members, and other members of the public will suffer irreparable harm as a result of Defendants' violations of federal law, as alleged in this pleading. Defendants have also failed to satisfy a clear, present, ministerial duty to act in accordance with all applicable laws. Even when Defendants

are permitted or required by law to exercise their discretion in taking action under those laws, they remain under a clear, present, ministerial duty to exercise their discretion within the limits of and in a manner consistent with those laws. Defendants have had and continue to have the capacity and ability to take action within the limits of and in a manner consistent with those laws, but Defendants have failed and refuse to do so and have exercised their discretion beyond the limits of and in a manner that is not consistent with those laws.

12. Plaintiffs have a beneficial right and interest in Defendants' full compliance with all applicable laws.

## FIRST CLAIM:

### Failure to Comply with Coastal Zone Management Act for San Diego Fence

### (Against All Defendants)

13. Paragraphs 1 through 12 are fully incorporated into this paragraph.

13. Defendants are required to comply with all applicable provisions of the Coastal Zone Management Act ("CZMA") in planning, designing, constructing, and operating and maintaining the San Diego fence. By way of example and not limitation, Defendants are required (*i*) to ensure that the San Diego fence is consistent to the maximum extent practicable with California's coastal management program; and (*ii*) to obtain the California Coastal Commission's approval of the fence as being consistent with the management plan. Defendants have failed to comply with these provisions (and perhaps other provisions) of the CZMA.

14. Defendants' failure to comply with the CZMA was illegal, arbitrary and capricious under the Administrative Procedure Act ("APA"), a prejudicial abuse of discretion, and not supported by sufficient evidence.

15. Plaintiffs, their members, and other members of the public have been harmed as a result of Defendants' violations of the CZMA and the APA because they have been denied the benefits and protections provided by compliance with those laws.

## SECOND CLAIM:

### Failure to Comply with National Historic Preservation Act for San Diego Fence

### (Against All Defendants)

16. Paragraphs 1 through 15 are fully incorporated into this paragraph.

17. Defendants are required to comply with all applicable provisions of the National Historic Preservation Act ("NHPA") in planning, designing, constructing, and operating and maintaining the San Diego fence. By way of example and not limitation, Defendants are required to consider the effect of the San Diego fence on any historic site that is included or eligible for inclusion in the National Register of Historic Places. Defendants have failed to comply with these provisions (and perhaps other provisions) of the NHPA.

18. Defendants' failure to comply with the NHPA was illegal, arbitrary and capricious under the APA, a prejudicial abuse of discretion, and not supported by sufficient evidence.

19. Plaintiffs, their members, and other members of the public have been harmed as a result of Defendants' violations of the NHPA and the APA because they have been denied the benefits and protections provided by compliance with those laws.

## THIRD CLAIM:

### Failure to Comply with Migratory Bird Treaty Act for San Diego Fence

### (Against All Defendants)

20. Paragraphs 1 through 19 are fully incorporated into this paragraph.

21. Defendants are required to comply with all applicable provisions of the Migratory Bird Treaty Act ("MBTA") in planning, designing, constructing, and operating and maintaining the San Diego fence. By way of example and not limitation, Defendants must at all times refrain from pursuing, hunting, taking, capturing, killing, or attempting to pursue, hunt, take, capture, or kill any migratory bird or part, nest, or egg of any such bird. Defendants have failed to comply with these provisions (and perhaps other provisions) of the MBTA.

22. Defendants' failure to comply with the MBTA was illegal, arbitrary and capricious under the APA, a prejudicial abuse of discretion, and not supported by sufficient evidence.

23. Plaintiffs, their members, and other members of the public have been harmed as a result of Defendants' violations of the MBTA and the APA because they have been denied the benefits and protections provided by compliance with those laws.

### FOURTH CLAIM:

### Failure to Comply with Wilderness Act for Yuma Fence

### (Against All Defendants)

24. Paragraphs 1 through 23 are fully incorporated into this paragraph.

25. Defendants are required to comply with all applicable provisions of the Wilderness Act in planning, designing, constructing, and operating and maintaining the Yuma fence. By way of example and not limitation, Defendants must at all times refrain from engaging in or allowing any commercial enterprise, constructing any permanent or temporary road, using motor vehicles or motorized equipment, landing aircraft, engaging in or allowing any other form of mechanical transport, and erecting or otherwise building any structure or installation within a wilderness area. Defendants have failed to comply with these provisions (and perhaps other provisions) of the Wilderness Act.

26. Defendants' failure to comply with the Wilderness Act was illegal, arbitrary and capricious under the APA, a prejudicial abuse of discretion, and not supported by sufficient evidence.

27. Plaintiffs, their members, and other members of the public have been harmed as a result of Defendants' violations of the Wilderness Act and the APA because they have been denied the benefits and protections provided by compliance with those laws.

### FIFTH CLAIM:

### Failure to Comply with National Historic Preservation Act for Yuma Fence

### (Against All Defendants)

28. Paragraphs 1 through 27 are fully incorporated into this paragraph.

29. Defendants are required to comply with all applicable provisions of the NHPA in planning, designing, constructing, and operating and maintaining the Yuma fence. By way of example and not limitation, Defendants are required to consider the effect of the Yuma fence on any historic site

that is included or eligible for inclusion in the National Register of Historic Places. Defendants have failed to comply with these provisions (and perhaps other provisions) of the NHPA.

30. Defendants' failure to comply with the NHPA was illegal, arbitrary and capricious under the APA, a prejudicial abuse of discretion, and not supported by sufficient evidence.

31. Plaintiffs, their members, and other members of the public have been harmed as a result of Defendants' violations of the NHPA and the APA because they have been denied the benefits and protections provided by compliance with those laws.

### SIXTH CLAIM:

**Failure to Comply with National Wildlife Refuge System Administration Act for Yuma Fence**

**(Against All Defendants)**

32. Paragraphs 1 through 31 are fully incorporated into this paragraph.

33. Defendants are required to comply with all applicable provisions of the National Wildlife Refuge System Administration Act ("NWRSAA") in planning, designing, constructing, and operating and maintaining the Yuma fence. By way of example and not limitation, Defendants must at all times refrain from (*i*) disturbing, injuring, cutting, burning, removing, destroying, or possessing any real or personal property of the United States, including natural growth, in any area of the National Wildlife Refuge System; (*ii*) taking or possessing any fish, bird, mammal, or other wild vertebrate or invertebrate animal or part, nest, or egg thereof within any such area; or (*iii*) entering, using, or otherwise occupying any such area for any purpose. Defendants have failed to comply with these provisions (and perhaps other provisions) of the NWRSAA.

34. Defendants' failure to comply with the NWRSAA was illegal, arbitrary and capricious under the APA, a prejudicial abuse of discretion, and not supported by sufficient evidence.

35. Plaintiffs, their members, and other members of the public have been harmed as a result of Defendants' violations of the NWRSAA and the APA because they have been denied the benefits and protections provided by compliance with those laws.

## SEVENTH CLAIM:

### Failure to Comply with Military Lands Withdrawal Act for Yuma Fence

### (Against All Defendants)

36. Paragraphs 1 through 35 are fully incorporated into this paragraph.

37. Defendants are required to comply with all applicable provisions of the Military Lands Withdrawal Act ("MLWA") in planning, designing, constructing, and operating and maintaining the Yuma fence on the land of the Barry M. Goldwater Range. By way of example and without limitation, Defendants have no jurisdiction over the land--exclusive jurisdiction is vested in the Secretary of the Air Force and the Secretary of the Navy--and the land may be used solely for the military purposes identified in the MLWA. Defendants have failed to comply with these provisions (and perhaps other provisions) of the MLWA.

38. Defendants' failure to comply with the MLWA was illegal, arbitrary and capricious under the APA, a prejudicial abuse of discretion, and not supported by sufficient evidence.

39. Plaintiffs, their members, and other members of the public have been harmed as a result of Defendants' violations of the MLWA and the APA because they have been denied the benefits and protections provided by compliance with those laws.

## EIGHTH CLAIM:

### Failure to Comply with Sikes Act for Yuma Fence

### (Against All Defendants)

40. Paragraphs 1 through 39 are fully incorporated into this paragraph.

41. Defendants are required to comply with all applicable provisions of the Sikes Act in planning, designing, constructing, and operating and maintaining the Yuma fence. By way of example and not limitation, all military installations shall be managed in a way that provides for (*i*) the conservation and rehabilitation of natural resources on military installations; (*ii*) the sustainable multipurpose use of the resources, which shall include hunting, fishing, trapping, and non-consumptive uses; and (*iii*) public access to military installations to facilitate such uses. Defendants have failed to comply with these provisions (and perhaps other provisions) of the Sikes Act.

42. Defendants' failure to comply with the Sikes Act was illegal, arbitrary and capricious under the APA, a prejudicial abuse of discretion, and not supported by sufficient evidence.

43. Plaintiffs, their members, and other members of the public have been harmed as a result of Defendants' violations of the Sikes Act and the APA because they have been denied the benefits and protections provided by compliance with those laws.

**Prayer**

FOR ALL THESE REASONS, Plaintiffs respectfully pray for the following relief against Defendants (and any and all other parties who may oppose Plaintiffs in this proceeding):

A. A judgment determining or declaring that Defendants' waiver of the CZMA, the NHPA, the MBTA, the Wilderness Act, the NWRSAA, the MLWA, the Sikes Act, and the APA as those laws relate to the San Diego fence and the Yuma fence is unconstitutional and therefore invalid and without any force or effect;

B. A judgment determining or declaring that Defendants failed to fully comply with the CZMA, the NHPA, the MBTA, the Wilderness Act, the NWRSAA, the MLWA, the Sikes Act, and the APA as those laws relate to the San Diego fence and the Yuma fence;

C. A judgment determining or declaring that Defendants must fully comply with the CZMA, the NHPA, the MBTA, the Wilderness Act, the NWRSAA, the MLWA, the Sikes Act, and the APA as those laws relate to the San Diego fence and the Yuma fence;

D. Injunctive relief prohibiting Defendants (and any and all persons acting at the request of, in concert with, for the benefit of, in privity with, or under one or more of them) from taking any action on any aspect of, in furtherance of, or otherwise based on the planning, design, construction, or operation and maintenance of the San Diego fence and the Yuma fence unless and until this Court has determined that Defendants have fully complied with all applicable provisions of the CZMA, the NHPA, the MBTA, the Wilderness Act, the NWRSAA, the MLWA, the Sikes Act, and the APA;

E. Any and all other relief that may be authorized by the CZMA, the NHPA, the MBTA, the Wilderness Act, the NWRSAA, the MLWA, the Sikes Act, or the APA but not explicitly or specifically requested elsewhere in this Prayer;

F.   All legal fees and other expenses incurred in connection with this proceeding, including but not limited to reasonable attorney fees as authorized by law; and

G.   Any and all further relief that this Court may deem appropriate.

Date: February 8, 2007.

Respectfully submitted,

BRIGGS LAW CORPORATION

By: *[signature]*

Cory J. Briggs

Attorneys for Plaintiffs Save Our Heritage Organisation and Friends of the U.S.-Mexico Border Environment

C
07-308
RCL

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

SAVE OUR HERITAGE ORGANISATION and FRIENDS OF THE U.S.-MEXICO BORDER ENVIRONMENT

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  San Diego, Calif.
(EXCEPT IN U.S. PLAINTIFF CASES)   68888

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Cory J. Briggs   909-949-7115
Briggs Law Corporation
99 East "C" Street, Suite 111
Upland, CA 91786

ORIGINAL

## DEFENDANTS

ALBERTO R. GONZALEZ, in his official capacity as Attorney General of the United States, et al.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

CASE NUMBER  1:07CV00308
JUDGE: Royce C. Lamberth
DECK TYPE: Administrative Agency Rev
DATE STAMP: 02/**/2007

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
◉ 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ◉ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

10

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Cour* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ◉ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judg

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Environmental/Historic Place Damage under 16 U.S.C. §§ 470, 668dd-668ee, 670, 703, 1131 & 1451; and 5 U.S.C. § 551

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ N/A   Check YES only if demanded in comp   JURY DEMAND: YES ☐ NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐ NO ☒   If yes, please complete related case form.

DATE February 7, 2007   SIGNATURE OF ATTORNEY OF RECORD

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Sectio II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.